In another respect may the mayor in a general if not a strict and technical sense be denominated some part of the city council, and that is because he presides over the meetings of the aldermen and over "the joint convention of the city council." But the section granting him that privilege expressly provides that in the business of such meetings he shall have, not a casting vote, but "only" a casting vote. This is a wise recognition of the parliamentary principle which allows a presiding officer the authority of holding a balance of power between equally divided votes of a deliberative body in order to faciliate but not to block legislation; or, as the justice presiding in this case expressed it, for breaking but not for making a tie vote.

It will be seen on an examination of the charter in question that the phrase "city council" is employed in several instances as evidently including the two boards and excluding the mayor. This idea pulsates throughout most of the provisions of the charter.

*Exceptions overruled.*

---

CHARLES H. REDINGTON, in equity, *vs.* MARTIN F. BARTLETT.

Kennebec.      Opinion May 29, 1895.

*Elections.  Mayor of Waterville.  Casting Vote.  R. S., c. 4, § 55.  Special Laws, 1887, c. 195.*

Principle in preceding case applied.

IN EQUITY.

This was an appeal in equity, heard on petition, answer and testimony, brought to this court by the defendant as provided by R. S., c. 4, § 55, relating to contested elections. The following is the decree from which the appeal was taken:

"State of Maine.  Kennebec, ss. : Supreme Judicial Court. *Charles H. Redington* v. *Martin F. Bartlett.*

"And now, upon the fifteenth day of April, A. D., 1895, the above entitled case came on for hearing, before the Honorable WILLIAM P. WHITEHOUSE, Justice of said Court, and thereupon

after hearing the testimony of parties and witnesses and arguments of counsel, said justice determined and decided that the petitioner was duly elected to the office of city treasurer of the city of Waterville, as set forth in his petition."

To which determination and judgment the defendant appeals for the following reasons :

"1st. That the presiding justice, after objection on the part of the defendant, required Christian Knauff, witness for the complainant in the case, and mayor of the city of Waterville, to testify as indicated in the following question and answer.

"Question. For whom did you vote? (Objected to and admitted. Exception allowed.) Answer. I voted for Mr. Bartlett, of course, Martin F. Bartlett. My vote was counted with the other votes for city treasurer."

"2d. That by the charter of the city of Waterville the mayor of said city is entitled to participate in the election of subordinate officers, which he did in this instance, so that neither the complainant nor any other person received a sufficient number of votes to elect him to the said office of city treasurer."

Which appeal the said defendant prays may be allowed and approved as provided in R. S., c. 4, § 55.

*C. F. Johnson*, for plaintiff.

*W. C. Philbrook*, for defendant.

Counsel argued : (1st,) That the election of a city treasurer of Waterville, he being one of the subordinate officers contemplated by the charter, is to be performed by the city council of Waterville. (2nd,) That the mayor is, by the city charter, made a member of the city council. (3rd,) That as a member, even if he is the presiding officer, and making all due allowance for the restriction claimed in the charter that he has only a casting vote, he would still have the right, in elections, according to Cushing's Parliamentary Law, to vote with the other members. (4th.) That the provisions of R. S., c. 3, § 34, do not apply to the city charter of Waterville. (5th,) That by inference the ruling in *King* v. *Andrews*, 77 Maine, 224, sustains the position taken by the defendant. Counsel cited : 3 Am. & Eng. Encly.

Law, "casting vote;" 1 Bl. Com. p. 181, note in Sharswood's ed. ; *Robertson* v. *Bullions,* 1 Kernan, 243.

Admission of testimony: *People* v. *Pease,* 27 N. Y. 45 ; S. C. 84 Am. Dec. note p. 272.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WISWELL, JJ.

· PER CURIAM.

*Appeal dismissed.*
*Decree below affirmed.*

---

RANDALL L. TAYLOR, and others, in equity,

*vs.*

JACOB J. BROWN, and another.

Franklin.    Opinion May 31, 1895.

*Will.    Absolute Gift.    Life-Estate.*

A testator gave by will to his widow real and personal estate and in the same clause of his will added these words: "And at her decease what remains I wish to be equally divided between . . . children of my wife's sister."

*Held;* That an estate in fee passed to the widow in the property named; and if the testator intended a devise to his widow for life only and then a devise over to the children of his wife's sister, he failed to use appropriate terms to effectuate such an intention.

Where a testator makes an absolute gift and then expresses a wish as to how the donee may dispose of a portion of it before the donee's death, *held;* that the title to the property having been once given away cannot be regained by the hand that gave it away; and that however strong the language of recommendation or request may be, a trust will not be implied, if such a construction of the words will be repugnant to, or inconsistent with, other parts and positive provisions of the same will.

*Copeland* v. *Barron,* 72 Maine, 206, affirmed.

ON REPORT.

This was a bill in equity, heard on bill and answers and reported to the law court, to determine the title to the property named in the first clause in the will of Josiah A. Judkins, late of Farmington, viz : a construction of the first clause in the will